UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD DEAVAULT, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:11CV638 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1] Pursuant to this Court's Order, the government has responded to the motion to vacate. For the reasons set forth below, the Motion is denied without a hearing.

### **Movant's Claim**

Movant makes a single claim in his Motion: counsel was ineffective for failing to object to the four level enhancement for possessing a firearm in connection with another felony, as provided in U.S.S.G 2k2.1(b)(6)

### **Facts and Background**

Movant was indicted and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The parties entered into a plea

agreement which provided that "4 levels should be added pursuant to Section 2K2.1(b)(6) as the defendant possessed the firearm in connection with another felony, to wit: possession of controlled substances with intent to distribute." The plea agreement also provided the following facts, to which Movant admitted:

> All of the following events occurred within the Eastern District of Missouri. On December 22, 2009 [officers] received information that the Defendant was en route to his residence at 5540 Natural Bridge Road, Saint Louis, Missouri to retrieve a quantity of heroin. The officers established a surveillance and observed the Defendant arrive and enter the residence. After a brief period the Defendant exited the residence and conduct[ed], what the officers believed, to be a drug transaction. The Defendant entered a vehicle which was then stopped by the officers. The officers observed the Defendant lean toward the front seat female passenger and pass an object. The officers recovered a quantity of drugs from the passenger. The Defendant admitted to the officers that the drugs found on the passenger were his drugs. The Defendant was placed under arrest and $1,337 was seized from him.
>
> The officers then conducted a follow-up consent search at the residence on Natural Bridge Road. At the residence the officers seized a loaded firearm and more drugs. The Defendant admitted to the officers that the seized firearm and drugs were his. The seized firearm was conveyed to the Saint Louis Metropolitan Police Department laboratory and determined to be a Harrington & Richardson, .32 caliber revolver and to be in operating condition and to meet the federal definition of a firearm. The firearm was determined to have been manufactured in the State of Massachusetts and therefore to have traveled in interstate commerce to reach Saint Louis, Missouri. A criminal history check of the Defendant established that prior to his possession of the firearm on December 22, 2009 he had been convicted of felony offenses of Assault, Car Jacking, Possession of a Firearm in

Furtherance of a Crime of Violence, and Escape as set forth in the Pretrial Services Report.

The seized drugs were conveyed to the Saint Louis Metropolitan Police Department laboratory and determined to be 6.25 grams of Heroin, a Schedule I narcotic controlled substance drug and 1.92 grams of Marijuana, a Schedule I controlled substance drug. Based on the quantity of seized drugs, manner of packaging, drug paraphernalia (scale) and recovered currency, it is established the drugs were intended for distribution.

On October 8, 2010, the Court engaged in a colloquy with Movant. The Court inquired whether he had had enough time to go over the entire matter with his lawyer; whether Movant was satisfied with the advice he had been given by counsel; whether counsel had answered all of Movant's questions, fully completely and to Movant's satisfaction. Movant responded in the affirmative to all of the Court's questions. Further the Court inquired whether there was anything Movant needed to know or wanted to know about his case that he might still be confused about or still may not understand even though he had enough time to go over it with counsel. Movant responded in the negative to this question. Movant was given the opportunity to speak in allocution, but Movant did not do so.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a

sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255

motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail

on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to

"eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114. Movant argues that counsel was ineffective because counsel did not object to the

four level enhancement for possessing a firearm in connection with another felony. Movant argues that he was not distributing any of the controlled substances in his possession, and therefore, the four level enhancement should not apply. Because, according to Movant, counsel did not "investigate" §2K2.1(b)(6) and related case law, counsel's performance was deficient, and he was prejudiced thereby. Movant urges that he didn't know anything about the guideline, but that he has subsequently learned what it entailed. The record belies Movant's claims of blind ignorance regarding counsel's advice. Movant was indeed given the opportunity to question counsel's advice; he advised the Court that he had no questions counsel did not answer and that he was fully satisfied with the representation he had received. Even assuming counsel advised Movant that the enhancement was unavoidable in spite of Movant's claim that he did not intend to distribute the illegal substances, Movant failed to ask the question. Movant was given the opportunity to speak with the Court at sentencing and did not raise the issue that was clearly before him in the Pre-Sentence Investigation Report and in the plea agreement.

Notwithstanding that Movant has failed to show counsel's performance was deficient, Movant has also failed to establish prejudice from any of counsel's actions. The four level enhancement was supported by the facts of this case. The

facts agreed to by the parties in the plea agreement and admitted by Movant were clearly sufficient for the Court to find that Movant possessed the substances with the intent to distribute-the officers' observations, the manner of packaging, Movant's actions at the time of the stop. Consequently, Movant cannot demonstrate that but for counsel's failure to object, the four level enhancement would not have been imposed.

## Conclusion

Based upon the foregoing analysis, Movant's claim of ineffective assistance of counsel fails to afford him relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 12th day of August, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE